UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANYA STEPHENSON,

      Plaintiff,

  v.                                                  19-CV-722 (JLS)(HKS)

NEW YORK STATE GAMING COMMISSION,

      Defendant.
_____

## DECISION AND ORDER

On June 4, 2019, Plaintiff Tanya Stephenson commenced this action against Defendant New York State Gaming Commission, alleging sex discrimination and a hostile work environment, as well as retaliation after complaining about discrimination. *See generally* Dkt. 1. On August 9, 2019, Defendant filed a partial motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, seeking dismissal of all claims except Plaintiff's Title VII sex discrimination claim. Dkt. 4. On August 12, 2019, this Court[1] referred the case to United States Magistrate Judge H. Kenneth Schroeder Jr. for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 5.

Presently before the Court is Judge Schroeder's Report and Recommendation ("R&R") (Dkt. 10) recommending that the motion to dismiss be granted in part and

---

[1] District Judge Lawrence J. Vilardo, who was originally assigned to this case, referred this case to Magistrate Judge H. Kenneth Schroeder Jr. *See* Dkt. 5. This case was later reassigned to District Judge John L. Sinatra, Jr. on January 6, 2020. Dkt. 9.

denied in part. *See generally* Dkt. 10. As set forth below, this Court accepts and adopts Judge Schroeder's recommendations and grants the motion to dismiss in part.

This Court assumes the parties' familiarity with the details of this case and will provide only a brief summary of the relevant background.

Stephenson, a Senior Gaming Inspector, alleges that she was denied additional training opportunities for potential supervisory positions that were provided to another male employee, because of her sex. Dkt. 1 ¶¶ 19a.-f. She alleges, *inter alia*, that she and other female employees were discriminated against during the interview and hiring process for the Supervising Gaming Operations position, and that the male candidate ultimately selected for the position was not qualified. *Id.* ¶¶ 19g.-x. Stephenson also alleges that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC") related to these incidents in November 2014. *Id.* ¶¶ 19t., 19y.-cc. Stephenson subsequently filed another complaint with the EEOC on August 18, 2015. *Id.* ¶ 19dd. On November 29, 2018, the EEOC issued its determinations with respect to both charges, finding reasonable cause to believe Defendant discriminated on the basis of sex and in retaliation. *Id.* ¶ 20.

Stephenson filed the instant action on June 4, 2019, asserting sex discrimination, hostile work environment, and retaliation claims in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as sex discrimination, hostile work environment, and retaliation claims in violation of

New York Human Rights Law ("NYHRL"). *See generally* Dkt. 1. Defendant moved to dismiss on the basis that sovereign immunity deprives this Court of subject matter jurisdiction over Plaintiff's NYHRL claims, and that the Complaint fails to plausibly allege a claim for hostile work environment or retaliation under Title VII. *See generally* Dkt. 4-1. Defendant did not move to dismiss Plaintiff's Title VII sex discrimination claim. *See id.* at 3 n.1.

On December 14, 2021, Judge Schroeder issued an R&R recommending granting the motion to dismiss in part. *See generally* Dkt. 10. Specifically, Judge Schroeder recommended the motion to dismiss be granted as to the NYHRL sex discrimination, hostile work environment, and retaliation claims; be granted as to Stephenson's Title VII hostile work environment claim; and be denied as to Stephenson's Title VII retaliation claim. *Id.* at 2, 14.

Both parties filed objections on December 28, 2021. Dkts. 11, 12. Stephenson specifically objects to the recommendation to dismiss her hostile work environment, arguing the R&R erred in assessing the totality of the alleged circumstances giving rise to a hostile work environment. *See* Dkt. 12. Defendant objects to the R&R's recommendation to deny the motion to dismiss as to Stephenson's Title VII retaliation claim on the following grounds: the R&R failed to address the argument that the change in practices was a "reasonable defensive measure," and Stephenson has not plausibly alleged Defendant took a materially adverse employment action. *See* Dkt. 11. Briefing on the objections was completed on January 18, 2022.

3

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed Judge Schroeder's R&R, the objections and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts Judge Schroeder's recommendations to grant the motion to dismiss in part and deny it in part. Defendant's motion to dismiss is granted with respect to Stephenson's NYHRL claims and Title VII hostile work environment claim. Defendant's motion to dismiss is denied as to Stephenson's Title VII retaliation claim.

## CONCLUSION

For the reasons stated above and in Judge Schroeder's R&R, Defendant's motion to dismiss (Dkt. 4) is GRANTED as to Plaintiff's NYHRL claims and Title VII hostile work environment claim. The motion is DENIED as to Plaintiff's title VII retaliation claim.

The case is referred back to Judge Schroeder for further proceedings consistent with the referral orders in this case. Dkt. 5.

SO ORDERED.

Dated:   February 25, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE