UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANYA STEPHENSON,

                Plaintiff,

      -vs-

NEW YORK STATE GAMING COMMISSION,

                Defendant.
_____

**ANSWER**

19-CV-722

      The New York State Gaming Commission ("Defendant"), by its attorney, Letitia James, Attorney General of the State of New York, Joel J. Terragnoli, Assistant Attorney General, of counsel, for its answer to the complaint (Dkt. 1), responds as follows:

      1.      Admits the allegations in paragraphs 10, 13, 15, 17, 18, 19.g, and 19.x.

      2.      Denies the allegations in paragraphs 17, 18, 19, 19.d, 19.f, 19.j, 19.n, 19.q, 19.bb, 19.cc, 23, 24, 26, 27, 32, 33, 34, 37, 38, 39, 40, 44, 45, 46, and 47.

      3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 11, 19.a, 19.b, 19.c, 19.e, 19.i, 19.k, 19.l, 19.m, 19.o, 19.p, 19.r, 19.t, 19.u, 19.w, 19.dd, 25, and 30.

      4.      The allegations in paragraphs 1, 2, 3, 4, 5, 14, 16, 29, 31, 36, 42, 43, and 48 state one or more legal conclusions to which no response is required. To the extent any such response is required, those allegations are denied.

      5.      With respect to the allegations in paragraphs 6, 7, 8, and 9, states that any documents referenced therein speak for themselves, refers to those documents for their contents,

1

and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraphs.

6. With respect to the allegations in paragraph 12, admits that Defendant is an agency of the state of New York, denies Plaintiff's characterization of the functions and duties of that agency, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph.

7. With respect to the allegations in paragraphs 19.h and 19.v, states that any job postings issued by Defendant speaks for themselves and refers to those postings for their contents, and denies the remaining allegations in said paragraphs.

8. With respect to the allegations in paragraph 19.s refers to the contact referenced for the sum and substance therein and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph.

9. With respect to the allegations in paragraphs 19.y, 19.z, and 19.aa, states that any email correspondence referenced therein speaks for itself and refers to those emails for their contents, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraphs.

10. With respect to the allegations in paragraphs 20 and 21, states that any determinations or notices issued by the United States Equal Employment Opportunity Commission speak for themselves and refers to those documents for their contents, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraphs.

11. With respect to the allegations in paragraphs 22, 28, 35, and 41, repeats and reasserts each of the responses stated above.

12. Denies every other allegation not specifically addressed above.

## DEFENSES

13. By asserting the following defenses, Defendant does not admit that it bears the burden of proof on any of the following issues. Defendant reserves the right to assert additional defenses as its investigation and discovery progresses.

## FIRST DEFENSE

14. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

15. Defendant, at all times relevant hereto, acted without malice and under the reasonable belief that its actions were proper and in accordance with existing law. Defendant, at all times relevant hereto, acted in good faith in the lawful exercise of the discretion committed to it under federal and/or state law and is immune from liability.

## THIRD DEFENSE

16. The Complaint is barred because Plaintiff failed to exhaust her available state and/or other administrative remedies.

## FOURTH DEFENSE

17. Plaintiff's damages, if any, were caused by her own failure to take reasonable actions to avoid or mitigate her alleged damages.

## FIFTH DEFENSE

18. Plaintiff's claims, in whole or in part, are barred by the sovereign immunity afforded to State agencies by the Eleventh Amendment to the United States Constitution.

## SIXTH DEFENSE

19. Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

20. Defendant has at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

**EIGHTH DEFENSE**

21. No adverse employment action was taken against Plaintiff.

**NINTH DEFENSE**

22. Any employment action taken towards Plaintiff was taken for legitimate non-discriminatory and non-retaliatory reasons, and was in the proper exercise of Defendant's management discretion, judgment, and procedure.

**TENTH DEFENSE**

23. Defendant does not condone or approve of unlawful discrimination, harassment, or retaliation, and did not ratify any acts of unlawful discrimination, harassment, or retaliation.

**ELEVENTH DEFENSE**

24. Defendant fulfilled its obligations under federal and state law and exercised reasonable care to prevent and correct unlawful discrimination, harassment, and retaliation by promoting policies and procedures against discrimination and harassment and to provide a user-friendly avenue for which an employee could complain. Plaintiff unreasonably failed to utilize such mechanisms thereby negating liability, if any.

**TWELFTH DEFENSE**

25. Defendant would have taken the same action(s) with respect to Plaintiff in the absence of any discriminatory or improper motive. Therefore, Plaintiff's complaint, in whole or

in part, fails to state a claim pursuant to Mt. Healthy School District. v. Doyle, 429 U.S.274 (1997).

## DEMAND FOR JURY TRIAL

26. Defendant demands trial by jury.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor, dismissing the complaint in all respects, with prejudice, and that Defendant be awarded reasonable costs and attorney's fees, along with such other relief as may be just, proper, and equitable.

DATED:     Buffalo, New York
               March 11, 2022

                                       LETITIA JAMES
                                       Attorney General of the State of New York
                                       Attorney for Defendant

                                       BY: */s/ Joel J. Terragnoli*
                                       JOEL J. TERRAGNOLI
                                       Assistant Attorney General, of Counsel
                                       350 Main Street
                                       Main Place Tower, Suite 300A
                                       Buffalo, New York 14202
                                       (716) 853-8419
                                       Joel.Terragnoli@ag.ny.gov