UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**PATRICE WILLIAMS,**

                **Plaintiff,**

        -v-                                                **19-CV-720JLS(Sr)**

**NEW YORK STATE GAMING COMMISSION,**

                **Defendant.**

---

**TANYA STEPHENSON,**

                **Plaintiff,**

        -v-                                                **19-CV-722JLS(Sr)**

**NEW YORK STATE GAMING COMMISSION,**

                **Defendant.**

---

## DECISION AND ORDER

These cases were referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. 19-CV-720 at Dkt. #8 & 19-CV-722 at Dkt. #5. The cases are currently assigned to the Hon. John L. Sinatra. 19-CV-720 at Dkt. #11 & 19-CV-722 at Dkt. #9.

## BACKGROUND

Plaintiffs, Senior Gaming Inspectors for the New York State Gaming Commission ("Gaming Commission"), allege that they have been subjected to disparate

treatment and a hostile work environment due to sex and subjected to retaliation after complaining about discrimination. Dkt. #1. As relevant to the instant motions, plaintiffs allege that they applied and interviewed for the open position of Supervising Gaming Operations Inspector in August of 2014, but the position was awarded to a male co-worker, Brian Maurer, who did not possess one year of supervisory experience as prior postings for this position required. Dkt. #1. When Tanya Stephenson contacted the New York State Department of Civil Service to inquire about the alteration in minimum qualifications, it was determined that the change had not been approved, rendering the posting invalid. Dkt. #1. However, Mr. Maurer was permitted to perform the duties of a Supervising Gaming Operations Inspector while defendant obtained approval for the change in minimum qualifications and re-posted the position. Dkt. #1. Plaintiffs filed a charge of discrimination based on sex and hostile work environment with the EEOC on November 10, 2014. Dkt. #1.

Defendant awarded the position of Supervising Gaming Operations Inspector to Mr. Maurer in May of 2015. Dkt. #1. When Mr. Maurer was on leave in August of 2015, plaintiffs were denied the opportunity to perform his duties in conformance with prior practice. Dkt. #1. Specifically, defendant advised plaintiffs by email dated August 10, 2015 that, "[a]s a result of your EEOC complaint, it has come to our attention that even the mere selection of a person to perform supervisor duties may expose our agency to discrimination charges . . . rather than expose our agency to further liability or create additional processes, no one will be given supervisory duties on a temporary basis and management will use existing management personnel to fill

those duties on a temporary basis." Dkt. #1. Plaintiffs filed a second charge of discrimination based on sex and retaliation with the EEOC on August 18, 2015. Dkt. #1. On November 29, 2018, the EEOC found reasonable cause to believe that defendant discriminated against plaintiffs on the basis of gender and in retaliation for filing their first Charge of Discrimination. 19-CV-722 at Dkt. #1.

Plaintiffs' complaints allege the following causes of action: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.,("Title VII"); (2) hostile work environment in violation of Title VII; (3) retaliation in violation of Title VII; (4) sex discrimination in violation of the New York Human Rights Law ("NYHRL"); (5) hostile work environment in violation of the NYHRL; and (6) retaliation in violation of the NYHRL. Dkt. #1.

Tanya Stephenson served her First Set of Discovery Demands to Defendant on October 14, 2022. 19-CV-722 at Dkt. #32-2, p.2. On November 10, 2022, defendant responded with general objections and a statement that it would produce all non-privileged documents in their possession, custody and control. 19-CV-722 at Dkt. #32-2, p.31. By letter dated March 20, 2023, plaintiffs' counsel requested defendant's response to Tanya Stephenson's First Set of Document Demands. 19-CV-722 at Dkt. #32-2, p.52.

Tanya Stephenson served her Second Set of Document Demands to Defendant on March 20, 2023. 19-CV-722 at Dkt. #32-2, p.12.

Patrice Williams served her First Set of Document Demands to Defendant on March 20, 2023. 19-CV-720 at Dkt. #30-2, p.18.

By letter dated April 4, 2023, the Assistant Attorney General ("AAG"), defending against Tanya Stephenson's complaint produced certain documents and supplemented it's response to Tanya Stephenson's First Request for Production of Documents, while reiterating its objections to other document demands. 19-CV-722 at Dkt. #32-2, pp.54-55. With respect to the demands relevant to the instant motions, the AAG informed plaintiffs' counsel that defendant had located the Daily Inspector Reports, totaling approximately 600 such reports, but suggested that the time frame for the request be narrowed to January 1, 2014 through June 1, 2015 because it would require significant resources to produce them given how they are stored. 19-CV-722 at Dkt. #32-2, pp. 54-55. As to the remaining discovery demands relevant to the instant motion, the AAG advised plaintiffs' counsel that defendant "stands on its objections" and "is not producing documents responsive to these Requests." 19-CV-722 at Dkt. #32-2, p.55.

On April 18, 2023, plaintiffs' counsel requested to meet and confer regarding the outstanding discovery demands. 19-CV-722 at Dkt. #32-2, p.57. Plaintiffs' counsel noted that each of the requests at issue in the instant motions "relate specifically to allegations in the Complaint, and we believe Defendant has no permissible basis on which to refuse to produce responsive documents." 19-CV-722 at Dkt. 32-2, p.57. Plaintiffs' counsel declined to narrow the time period for the Daily

Inspector Reports because "that entire time period is necessary to our action." 19-CV-722 at Dkt. 32-2, p.57.

On June 14, 2023, the AAG defending against Patrice Williams' complaint filed a joint motion for an extension of the Case Management Order, declaring that the Gaming Commission's search of its email server yielded approximately 10,000 potentially responsive emails awaiting manual review and noting that he was handling both of these cases while the other AAG was out on leave while also handling another pressing matter without the support of another AAG who was out on leave. 19-CV-720 at Dkt. #28-1, ¶ 5 & 19-CV-722 at Dkt. #29-1, ¶ 5. The parties requested one final amendment of the Case Management Order to provide for completion of fact discovery by September 8, 2023. 19-CV-720 at Dkt. #28-1, ¶ 6 & 19-CV-722 at Dkt. #29-1, ¶ 6. Despite having previously advised that no further extensions would be granted absent exceptional circumstances, the Court granted the motions. 19-CV-720 at Dkt. #29 & 19-CV-722 at Dkt. #31.

By letter dated July 26, 2023, plaintiffs' counsel requested responses to Patrice Williams' First Set of Document Demands no later than August 1, 2023. 19-CV-720 at Dkt. #30-2, p.29. Also by letter dated July 26, 2023, counsel requested production of outstanding documents requested by Tanya Stephenson, including the Daily Inspector Reports. 19-CV-722 at Dkt. #32-2, p.60.

Plaintiffs' counsel spoke with defense counsel on August 4, 2023, but they were unable to commit to a date when responsive documents would be produced. 19-CV-720 at Dkt. #30-1, ¶ 44 & 19-CV-722 at Dkt. #32-1, ¶ 44.

On August 8, 2023, plaintiffs moved to compel responses to discovery demands and for an award attorneys' fees, as well as to extend the Case Management Order. 19-CV-720 at Dkt. #30 & 19-CV-722 at Dkt. #32.

The AAG defending Tanya Stephenson's complaint declares that he produced 157 documents of non-ESE on April 3, 2023 and was in the process of reviewing 9,756 potentially responsive ESI documents pertaining to the First Set of Document Demands and 126 documents potentially responsive to the Second Set of Document Demands when he went out on paternity leave from April 24, 2023 through July 17, 2023. 19-CV-722 at Dkt. #35-1, ¶¶ 7-9. The AAG further declares that defendant produced all ESI responsive to the First Set of Document Demands and documents responsive to the Second Set of Document Demands, totaling 368 documents, on August 25, 2023. 19-CV-722 at Dkt. #35-1, ¶ 11. The AAG specifically declares that defendant has produced all documents responsive to Tanya Stephenson's First and Second Set of Document Demands except for Daily Inspector Reports for Brian Maurer and performance evaluations for Senior Gaming Operations Inspectors Becky Duryea and Ed Likas. 19-CV-722 at Dkt. #35-1, ¶ 12. The AAG argues that these demands are overly broad and not narrowly tailored to collecting relevant documents. 19-CV-722 at Dkt. #35-1, ¶ 13.

The AAG defending against Patrice Williams' complaint concedes that he had not responded to plaintiff's discovery demands before the filing of this motion and accepts responsibility for the delay in responding to her discovery demands, explaining that he has been engaged in another pressing matter and handling additional cases due to staffing shortages. Dkt. #33, ¶¶ 7-8. However, the AAG notes that most of the documents sought by plaintiff had already been produced in the companion action commenced by Tanya Stephenson. 19-CV-720 at Dkt. #33, ¶ 5. The AAG requested 21 days to produce documents in response to five of plaintiff's non-objectionable outstanding document demands. Dkt. #33, ¶ 6. The AAG declares that this will satisfy all outstanding discovery demands except as to two demands to which defendant has objected. Dkt. #33, ¶¶ 4 & 5.

Plaintiffs reply that defendant has yet to properly respond to Document Demand Nos. 20 & 25 and reiterate their request for attorney's fees given defendant's failure to produce discovery prior to the filing of this motion. Dkt. #35.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

Document Demand No. 20

Document Demand No. 20 seeks Daily Inspector Reports for Brian Maurer for the time period August 1, 2012 through December 31, 2015. 19-CV-720 at Dkt. #33-1, p.16 and 19-CV-722 at Dkt. #32-2, p.46.

Defendant objected to the demand on the grounds that, *inter alia*, it is vague, overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as well as on the grounds that it is not sufficiently temporally limited. Dkt. #33-1, pp.16-17. By letter dated April 4, 2023, defendant requested that the time frame for this document demand be narrowed to January 1, 2014 through June 1, 2015 because there were approximately 600 responsive Daily Inspector Reports and it would take significant resources to produce them given how the reports are stored. 19-CV-722 at Dkt. #32-2, p.54.

Plaintiffs argue that Brian Maurer's Daily Inspector Reports are highly relevant because Mr. Maurer is the individual who was awarded the Supervising Gaming Operations Inspector position that plaintiffs sought and these reports will document Mr. Maurer's responsibilities and performance and establish how defendant groomed Mr. Maurer for the position while declining to afford plaintiffs similar opportunities. 19-CV-720 at Dkt. #35, p.3.

-8-

The Daily Inspector Reports for Brian Maurer are clearly relevant to assess whether Mr. Maurer was being afforded opportunities to develop the skills and demonstrate the ability to perform the role of Supervising Gaming Operations Inspector. However, the Court agrees with defendant that the time frame for production of these reports is somewhat over broad and directs that the Daily Inspector Reports for Brian Maurer be produced commencing one year prior to the filing of the Supervising Gaming Inspector Supervisor position. The Court upholds plaintiffs' demand that the Daily Inspector Reports be produced through December 31, 2015 because although Mr. Maurer was awarded the position in May of 2015, an understanding of how his responsibilities did or did not change as a result of his promotion would be relevant to assessing plaintiffs' claim that Mr. Maurer was permitted to perform the duties of a Supervising Gaming Operations Inspector while he was a Senior Gaming Inspector.

Document Demand No. 25

Document Demand No. 25 seeks performance evaluations for Senior Gaming Operations Inspectors Becky Duryea and Ed Lukas from January 1, 2016 through the present. 19-CV-722 at Dkt. #32-2, p.49.

Defendant objected to the demand on the grounds that, *inter alia*, it is vague, overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dkt. #33-1, p.19. By letter dated April 4, 2023, defendant reiterated its objections and confirmed that it would not produce documents responsive to this request. 19-CV-722 at Dkt. #32-2, p.55.

Plaintiffs argue that these documents will establish whether defendant allowed these individuals to perform some or all of the duties of a Supervising Gaming Operations Inspector outside of their regular title of Senior Gaming Inspector while refusing plaintiffs' request to perform such duties. 19-CV-720 at Dkt. #35, p.3. More specifically, plaintiffs argue that although defendant has not appointed anyone to fill vacant Supervising Gaming Operations Inspector positions across New York State since plaintiffs filed their retaliation charges with the EEOC, they have reason to believe that Mr. Lukas and Ms. Duryea have been performing such duties outside of their regular titles of Senior Gaming Inspector. 19-CV-720 at Dkt. #35, pp.3-4.

Whether or not other Senior Gaming Inspectors were permitted to perform the duties of a Supervising Gaming Operations Inspector subsequent to defendant advising plaintiffs that no one would be given supervisory duties on a temporary basis and that existing management personnel would be used to fill those duties on a temporary basis is relevant to plaintiffs' allegations of retaliation subsequent to their filing charges of discrimination with the EEOC. However, the Court agrees with defendant's objection that production of these reports for seven years would be unduly burdensome and limits this demand to one year.

Attorney's Fees

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after

      the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:

      (I)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

      (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)    other circumstances make an award of expenses unjust.

Although the Court understands the difficulties of managing an excessive case load and is consistently generous with requests for extensions of Case Management Orders to accommodate such circumstances, defense counsel's failure to produce outstanding discovery within six weeks of an extension of the Case Management Order granted despite a previous warning that no further extensions would be granted warrants an award of attorney's fees. However, in light of the fact that defendant's objections to the temporal scope of two of the document demands were meritorious, the Court finds it appropriate to limit the award to $1,000.

## CONCLUSION

Plaintiffs' motions to compel (19-CV-720 at Dkt. #30 & 19-CV-722 at Dkt. #32), are granted, in part. Within **30 days** of the entry of this Decision and Order, defendant shall produce Daily Inspector Reports for Brian Maurer for the time period

August 1, 2013 through December 31, 2015 and performance evaluations for Senior Gaming Operations Inspectors Becky Duryea and Ed Lukas from January 1, 2016 through December 31, 2016. Furthermore, defendant shall reimburse plaintiffs **$500 each** for the cost of the filing of this motion. Finally, the Case Management Order is extended as follows:

    Fact Discovery to be Completed by **May 10, 2024**;

    Plaintiffs' Expert Disclosure due by **June 7, 2024**;

    Defendant's Expert Disclosure due by **July 12, 2024**;

    Dispositive Motions due by **August 2, 2024.**

    **SO ORDERED.**

**DATED:**    **Buffalo, New York**
             **January 9, 2024**

                                           _s/ H. Kenneth Schroeder, Jr._
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**